**Marxall R. CAMPOS, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 09–60832
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 16, 2010.

Stephen W. Spurgin, Esq., Spurgin Law Office, Marfa, TX, for Petitioner.

Jesse Matthew Bless, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM: *

Marxall R. Campos, a citizen and native of the Dominican Republic, petitions this court for review of the order issued by the Board of Immigration Appeals' (BIA) affirming the Immigration Judge's (IJ's) determination that he was ineligible for cancellation of removal.

Relying on *Carachuri–Rosendo v. Holder,* 570 F.3d 263 (5th Cir.2009), *reversed,* — U.S. ——, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010); *United States v. Cepeda–Rios,* 530 F.3d 333 (5th Cir.2008), and *United States v. Sanchez–Villalobos,* 412 F.3d 572 (2005), *abrogated in part by Lopez v. Gonzales,* 549 U.S. 47, 58–60, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), the BIA held that Campos's second misdemeanor criminal possession of cocaine constituted an aggravated felony because it corresponded to the recidivist provisions of 21 U.S.C. § 844(a). The Supreme Court has since reversed *Carachuri–Rosendo,* rejecting this court's "hypothetical approach" and holding that "the defendant must ... have been *actually convicted* of a crime that is itself punishable as a felony under federal law." *Carachuri–Rosendo,* 130 S.Ct. at 2589. As in *Carachuri–Rosendo,* Campos was not actually convicted under the state recidivist statute. In accordance with the Supreme Court's ruling, Campos's

---

* Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ. R. 47.5.4.

petition for review is GRANTED and the order of the BIA is VACATED and RE-MANDED.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.